STATE

v.

**Sidney A. CLARK.**

No. 81–587–C.A.

Supreme Court of Rhode Island.

May 26, 1982.

Dennis J. Roberts, II, Atty. Gen., Henry Gemma, Jr., Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., Providence, for defendant.

OPINION

PER CURIAM.

On May 7, 1982, the defendant, Sidney A. Clark (Clark), through counsel, appeared before this court in response to an order to show cause why his appeal from a Superior Court justice's denial of his motion to reduce his life sentence should not be summarily dismissed. The life sentence was imposed after this court in *State v. Cline*, R.I., 397 A.2d 1309 (1979), had ruled that the mandatory death provisions of G.L.1956 (1969 Reenactment) § 11–23–2, as amended by P.L.1973, ch. 280 § 1, violated the constitutional guarantee against cruel and unusual punishment.

Clark had been sentenced to death for the murder of Claude A. Saunders, a fellow inmate. The murder occurred on November 2, 1974, at the Adult Correctional Institutions at a time when Clark was serving a fifteen-year sentence for the July 1969 rape of a college student. *See State v. Clark*, 112 R.I. 270, 308 A.2d 792 (1973).

In denying Clark's motion, the sentencing justice described the murder as "cold, calculated, and brutal." He also alluded to the various factors that should be considered in the sentencing process, such as the possibility of rehabilitation; the defendant's background, beliefs, and attitudes; the severity of the crime involved; and whether or not the punishment will serve as a deterrent to others as well as serve society's need for protection by removing someone from its ranks who may pose a danger to the common good. The sentencing justice then noted that he had read the presentence report and its observation that the possibility of Clark's rehabilitation was "very, very questionable." He also expressed the wish that the life sentence would be considered as a deterrent to those who at some time would wish to follow Clark's example.

We have examined the memoranda and arguments of counsel and are of the belief that no cause has been shown. The defendant's appeal is denied and dismissed.